**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**LETISHA MOORE,**

      **Plaintiff,**

**vs.**                           **Case No. 4:09cv196-RS/WCS**

**UNITED STATES OF AMERICA,**
**UNITED STATES DEPARTMENT**
**OF JUSTICE, FEDERAL BUREAU**
**OF PRISONS,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

      This case is a civil suit arising from a criminal case in this court in which Plaintiff, a former prisoner of the Bureau of Prisons, was a witness and a number of federal correctional officers were convicted of various offenses. Plaintiff brings her claim under the Federal Tort Claims Act (FTCA). Doc. 1.

      Defendant United States of America filed a motion for summary judgment, doc. 8, asserting that Plaintiff failed to properly exhaust administrative remedies because she did not file an administrative claim within two years of the accrual of the claim. Plaintiff was given leave to conduct discovery to support her claims and demonstrate that she had exhausted administrative remedies as required by the Federal Tort Claims Act.

Doc. 14. The discovery period closed on February 19, 2010. *Id.* Defendant United States of America filed a supplement to the motion for summary judgment, doc. 15, providing additional evidence. I entered an order on February 25, 2010, reminded Plaintiff to review document 9, the order explaining her obligation to respond to the summary judgment motion. Doc. 16. Plaintiff was also reminded of the March 9, 2010, deadline to respond. *Id.* Plaintiff has filed her response, doc. 17, with exhibits, and a statement of disputed facts and memorandum, doc. 18. The summary judgment motion, doc. 8, and the supplement, doc. 15, are now ready for a ruling.

**The Complaint, doc. 1**

Plaintiff filed this action on May 28, 2009, seeking monetary damages from "being repeatedly raped while she was incarcerated in the federal penitentiary . . . ." Doc. 1. Plaintiff alleges that she was raped by two prison guards, Mike James and Gregg Dixon. *Id.*, at 3. Plaintiff contends the guards had previously raped other female inmates, but the Defendants "took no action to protect the Plaintiff." *Id.* Plaintiff alleges that she "reported the rapes," but her claims "were not investigated." *Id.*, at 5. Later, when Plaintiff testified in the criminal trial of the guards, "she discovered that the guards' activities were known to prisoner official [sic] when she was raped." *Id.* She alleges that the guards were found guilty of raping Plaintiff and other inmates in November of 2006. *Id.* Plaintiff alleges that she filed a claim for administrative settlement for $2,500,000.00 . *Id.*, at 6. Plaintiff's claim was rejected by the Bureau of Prisons on December 3, 2008. *Id.* Plaintiff does not allege when these sexual assaults took place, but it must have been before November, 2006.

**Legal standards governing a motion for summary judgment**

On a motion for summary judgment Defendants initially have the burden to demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986). If they do so, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact for trial. *Id.* An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted). Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260, *quoting* Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986). All reasonable inferences must be resolved in the light most favorable to the nonmoving party, Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999), if there is a genuine dispute as to those facts. Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007), *cited in* Ricci v. DeStefano, 2009 WL 1835138, 18, — S.Ct. —, (June 29, 2009). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Industrial Co., 475 U.S. at 587 (internal quotation marks omitted), *quoted in* Ricci v. DeStefano, 129 S.Ct. 2658, 2677, 2009 WL 1835138, 18 (June 29, 2009).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

**The undisputed Rule 56(e) evidence**

Plaintiff entered federal custody in early 2002 after receiving a 48-month sentence.  Doc. 8, Ex. A.  "Plaintiff was incarcerated at the Federal Prison Camp (FPC) in Marianna, Florida, from March 14, 2002, until December 27, 2002."  Doc. 8, Ex. B.

While housed in Marianna, Plaintiff received an "incident report for using martial arts/boxing" on December 26, 2002.  Doc. 8, Ex. B.  During the disciplinary hearing, Plaintiff admitted to "wrestling with her cellmate and another inmate in their cubicle."  *Id.* Plaintiff was "sanctioned to a loss of 15 days good conduct time, 30 days of disciplinary segregation suspended pending 180 days clear conduct, and she was recommended for a disciplinary transfer due to the severity of the offense."  *Id.*  Plaintiff was transferred to the Federal Correctional Institution in Tallahassee, Florida, on December 27, 2002, until being "transferred to a Residential Re-entry Center (RRC) on September 22, 2004."  Doc. 8, Ex. B; *see also* doc. 15-1, p. 3.

Defendant has provided the transcript of Plaintiff's testimony at the trial of Officer Dixon in case number 4:06cr36-RH in this court.  Doc. 15, Exhibit 1, p. 4. (hereinafter Doc. 15-1, p. 6).[1]  Plaintiff testified that she came into contact with Officer Dixon when she was assigned to the F unit at FCI, Tallahassee.[2]  Doc. 15, Ex. 1, p. 4 (doc. 15-1, p. 6).  Plaintiff could not provide an exact date for the assault or assaults, but said "it was the end of '03, the beginning of '04."  Doc. 15, Ex. 1, pp. 6, 9, 14 (doc. 15-1, pp. 8, 11, 16).  Plaintiff states that "the prison guards were found guilty of raping the plaintiff and other inmates" in November, 2006.  Doc. 18, p. 2.[3]

As noted above, Plaintiff was transferred from the Federal Correctional Institution in Tallahassee, Florida, to the RRC on September 22, 2004.  Doc. 8, Ex. B.  Plaintiff was released from federal custody from the RRC on March 18, 2005.  Doc. 8, Ex. B.; *see also* doc. 18, p. 1.

Plaintiff initially attempted to file her administrative FTCA claim on March 5, 2008.  Doc. 8, Ex. B.  That initial effort was a letter from an attorney, as will be discussed ahead.  *See* doc. 8, Ex. C.  The claim was rejected by the Bureau of Prisons as time-

---

[1] The reference to the exhibit attached to document 15 are first to the paper copy number and page number, followed by a reference (in parenthesis) to the corresponding document and page in the electronic docket.  Both citations are referenced as a pro se litigant will not have access to the court's electronic docket.

[2] Defendant submitted the FBI report which states that Plaintiff was released from the SHU in March of 2003.  Doc. 15-2, p. 24.  She was moved into the F unit "in either October or November of 2003."  *Id.*

[3] Judicial notice is taken that a jury verdict of guilty was entered on November 3, 2006, in the criminal case brought against Gregory Dixon.  Case number 4:06cr36-RH, doc. 195.  Dixon was convicted of accepting illegal gratuities and bribery (three counts).  Plaintiff was not named as a victim in these counts.  Mike James, named by Plaintiff in this complaint as an alleged second assailant, was not a defendant in the criminal case.

barred and because it failed to "meet the guidelines for a proper filing." *Id.* Plaintiff attempted to refile the claim on November 4, 2008, on her own. *Id.* The claim was rejected again on December 3, 2008, for the same reasons. *Id.*

Defendant provided a copy of the letter written from attorney Roderick Graham, who contacted the Bureau of Prisons on Plaintiff's behalf. Doc. 8, Ex. C. The letter is dated February 26, 2008, and states that Plaintiff sought payment of $1.5 million for the rape Plaintiff endured while in custody. *Id.* The attorney states, "If you intend to make the argument that Ms. Moore has failed to comply with the notice requirement of the Federal Tort Claim Act, I suggest you review the case law in the Southern District of Florida." *Id.* The B.O.P. responded in a letter dated April 1, 2008, advising that the correspondence does not "meet the guidelines for the proper filing of an administrative claim" under the Federal Tort Claims Act (FTCA). *Id.* The letter advised that under the Code of Federal Regulations, a request for a claim must be "accompanied by evidence of [one's] authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative." *Id., citing* Title 28, C.F.R. § 14.2. The B.O.P. letter advised that the attorney had not "supplied the necessary documentation that" he was authorized to present a claim on Plaintiff's behalf. *Id.* Furthermore, the claimant did not "provide evidence and/or information of the personal injury" as required by Title 28 C.F.R. § 14.4(b)(6). *Id.* Finally, the response pointed out that under Title 28, § 2401(b), a claim must be "presented in writing to the appropriate federal agency within two years after such claim accrues." *Id.*

Plaintiff then submitted a "Claim for Damage, Injury, or Death" which she signed on October 30, 2008, and was received by the B.O.P. in early November, 2008. Doc. 8,

Ex. C.   Plaintiff requested $2.5 million for being "raped by a prison guard while in federal prison."  *Id.*  Plaintiff advised that in October of 2002, she was sexually harassed by "Mike James, a prison guard, while in the Marianna Prison Camp."  *Id.*  Plaintiff states that she reported the incident and then later, "she was written up on a bogus charge, and transferred to federal prison in Tallahassee."  *Id.*  While incarcerated at FCI, Tallahassee, Plaintiff reports being "raped repeatedly by Gregg Dixon, and given a sexually transmitted disease."  *Id.*  She asserts that these assaults occurred "in or around 2004."  *Id.*  She states that Dixon was "prosecuted for said rape in or about 2007."  *Id.*  Plaintiff was sent a letter on December 3, 2008, advising that her administrative claim was rejected.  *Id.*  The reason provided was that a tort claim is "forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues."  *Id.*  The letter noted that Plaintiff was housed at FCI "from December 27, 2002, through September 22, 2004."  *Id.*  If the incident occurred on the very last day, September 22, 2004, then Plaintiff would have to have submitted her claim by September 22, 2006.  *Id.*

**Analysis**

Defendant argues that Plaintiff's claims are barred under the Federal Tort Claims Act and under 42 U.S.C. § 1997e(a) because Plaintiff failed to exhaust administrative remedies as required by § 1997e(a) and the FTCA.  Doc. 8, pp. 3, 5.

There are two distinct administrative remedy exhaustion requirements.  The first is provided by 42 U.S.C. § 1997e(a), the Prison Reform Litigation Act (PLRA).  That statute provides that:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This claim is brought "with respect to prison conditions" and is brought under a federal law. The PLRA exhaustion requirement applies. The exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). The exhaustion requirement is mandatory. Alexander v. Hawk, 159 F.3d 1321, 1325-28 (11th Cir. 1998) (holding that a prisoner asserting a Bivens claim must exhaust available administrative remedies, even when those remedies are futile or inadequate). There is no showing here that Plaintiff ever submitted a grievance concerning the actions of Officer Dixon.[4] Plaintiff did not exhaust administrative remedies under the PLRA and, thus, this action cannot proceed.

The second exhaustion requirement is mandated by the FTCA, which is "the sole remedy for torts committed by the United States and federal employees acting in their official capacities." Bernard v. Calejo, 17 F.Supp.2d 1311, 1315 (S.D. Fla.,1998), *citing* Brown v. Armstrong, 949 F.2d 1007, 1012-13 (8th Cir. 1991). "Section 2675(a) of the FTCA provides that an administrative claim must be filed with the appropriate agency before a suit can be initiated under the FTCA." 28 U.S.C. § 2675(a), *cited in* Bernard, 17 F.Supp.2d at 1315; *see also* Burchfield v. United States, 168 F.3d 1252, 1254-55 (11th Cir. 1999); Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1237-38 (11th Cir.

---

[4] Plaintiff testified in the trial against Officer Dixon that she never reported his sexual advances and rape for fear of being placed back in the SHU. Doc. 15-1, pp. 10, 16.

2002). A lawsuit will be "forever barred" if the claimant did not first exhaust administrative remedies under the FTCA as required by that statute. McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

"[A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b); Burgess v. United States, 744 F.2d 771, 773 (11th Cir. 1984). If the claim is not presented to the appropriate agency within two years of the date on which the injury in question occurred, a district court lacks subject matter jurisdiction. Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008), *citing* Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006) (citing 28 U.S.C. §§ 2675, 2401(b); 28 C.F.R. § 14.2(a)).[5] This condition precedent must be strictly construed. Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 261, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999).

Plaintiff's claim accrued when the sexual assault or assaults occurred. The letter from Plaintiff's attorney was dated on February 26, 2008, and received on March 5, 2008. Doc. 8-3. Assuming that February 26, 2008, was the effective date of this FTCA administrative claim, the administrative claim was necessarily untimely as to any event occurring before February 26, 2006. Plaintiff, however, was released from prison in March, 2005, and alleged in her second administrative claim that the assaults occurred

---

[5] Additionally, the United States has waived sovereign immunity only if the claimant gives formal notice of a "sum certain" or a claim for monetary damages that the victim is seeking due to the wrongful acts of a federal employee. Murrey v. United States, 73 F.3d 1448, 1451-52 (7th Cir. 1996) (citing 28 C.F.R. § 14.2(a).

at some time in 2004.  In her trial testimony, Plaintiff said that the assaults took place in

2003 or in early 2004.  The two administrative claims were plainly untimely.

Plaintiff has argued that Bernard v. Calejo, 17 F.Supp.2d 1311, 1315 (S.D. Fla.,

1998), is on the same footing as this case and provides a basis to continue her claim.

Doc. 18, pp. 3-4.  In that case, the event that was the basis of the claim occurred on

September 9, 1993.  Bernard, 17 F.Supp.2d at 1313.  The claimant's attorney sent a

two page letter to the agency, the Attorney General, and the United States Attorney on

September 1, 1995, within the two year period.  Id.  The case is not on point.[6]

Plaintiff argues that her case should be saved because the agency knew of her

injury prior to the expiration of the two-year period.  Plaintiff states that because of the

criminal charges brought against Officer Dixon, the agency had notice from other

persons.  But notice of an event in which personal injury may have occurred is not the

same as notice that a particular person injured seeks monetary damages against the

United States.  Federal regulations states that for purposes of the exhaustion

requirement of § 2401(), "a claim shall be deemed to have been presented when a

Federal agency receives from a claimant, his duly authorized agent or legal

representative, an executed Standard Form 95 or other written notification of an

incident, accompanied by a claim for money damages in a sum certain for injury to or

---

[6] The case is about the requirement that the claim state a "sum certain."  The
letter did not expressly provide "a claim for money damages in a sum certain for injury
to or loss of property, personal injury, or death alleged to have occurred by reason of
the incident."  17 F.Supp.2d at 1315, *quoting* 31 C.F.R. § 3.2(a).  A "sum certain" is
a requirement of the FTCA and, if not provided, would bar federal court jurisdiction over
the claim, said the court.  17 F.Supp.2d at 1315.  In light of the "totality of the
circumstances surrounding Plaintiff's claim letter to the INS," however, the court held
that plaintiff's FTCA claims were not barred.  *Id.*

loss of property, personal injury, or death . . . ."  28 C.F.R. § 14.2.  That others

complained of the actions of Officer Dixon does not save Plaintiff's FTCA claim.

Accordingly, it is **RECOMMENDED** that Defendant's motion for summary

judgment, doc. 8, be **GRANTED** and judgment entered in Defendant's favor as Plaintiff

failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and 28

U.S.C. § 2401(b).

**IN CHAMBERS** at Tallahassee, Florida, on April 15, 2010.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and
recommendations within 14 days after being served with a copy of this report and
recommendation.  A party may respond to another party's objections within 14
days after being served with a copy thereof.  Failure to file specific objections
limits the scope of review of proposed factual findings and recommendations.**