# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

LETISHA MOORE,

    Plaintiff,

vs.                           CASE NO. 4:09cv196/RS-WCS

UNITED STATES OF AMERICA and
FEDERAL BUREAU OF PRISONS,

    Defendants.

_____/

## ORDER

Before me are the Magistrate Judge's Report and Recommendation (Doc. 19) and Plaintiff's Objection To Recommendation of Magistrate Judge/Objection to Recommendation of Administrative Judge (Doc. 20). I have considered the Objection to Recommendation of Magistrate Judge *de novo*.

**IT IS ORDERED**:

1. In Plaintiff's Objection to Recommendation of Administrative Judge, Plaintiff appears to argue that the Magistrate Judge lacks jurisdiction to act in this case because Plaintiff did not consent to disposition of the case by the Magistrate Judge. Plaintiff misunderstands subsections (b) and (c) of 28 U.S.C. §636 and the differences between the two subsections. Subsection (c) provides for disposition of the case on its merits by a Magistrate Judge when the parties consent. The Magistrate Judge in this case did not act under subsection (c). Subsection (b)(1)(B) provides for designation of a Magistrate Judge to conduct hearings and to submit to

the District Judge "proposed findings of fact and recommendations for the disposition, by a judge of the court...".  The Magistrate Judge acted pursuant to this provision of 28 U.S.C. §636 in this case.  Subsection (b)(1)(C) provides, "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."  Furthermore, as provided by (b)(1)(C), I have made the required *de novo* determination of those recommendations by the Magistrate Judge, to which Plaintiff has objected.  Therefore, this objection by Plaintiff is denied.
2. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this Order.
3. Defendants' Motion for Summary Judgment (Doc. 8) is **granted**.  The clerk is directed to enter judgment for Defendants because Plaintiff has failed to exhaust administrative remedies as required by 42 U.S.C. §1997(e) and 28 U.S.C. §2401(b).
4. The clerk is directed to close the file.

**ORDERED** on May 7, 2010.

    /S/ Richard Smoak  
    **RICHARD SMOAK**  
    **UNITED STATES DISTRICT JUDGE**